THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN DENKER, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (O'Brien,

J.), both rendered April 6, 1987, convicting him of burglary in the second degree under indictment No. 3655/86, upon his plea of guilty, and burglary in the second degree under indictment No. 7003/86, after a nonjury trial, and imposing sentences.

Ordered that the judgments are affirmed.

Contrary to the defendant's contentions, we perceive no grounds for reversal in respect to the complainant's detailed description and identification of the defendant under indictment No. 7003/86. The record reveals that, during the burglary, the complainant observed the defendant on more than one occasion, at close range, in a well-lighted room and thereafter unequivocally identified him as the perpetrator of the burglary. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented were primarily questions to be determined by the court as the trier of fact, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Finally, the sentences imposed were neither harsh nor excessive nor harsh under the circumstances. Brown, J. P., Lawrence, Eiber and Kooper, JJ., concur.